Matthew Strugar (State Bar No. 232951)
matthew@matthewstrugar.com
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
323-696-2299

Attorney for Plaintiff

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| ANA MUÑIZ<br><br>     Plaintiff,<br><br>          v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>     Defendant. | Civ. No.<br><br>**Complaint for Declaratory and Injunctive Relief** |

1.     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records related to Immigration and Customs Enforcement's ICEGangs Database, Criminal History Information Sharing Program, and Law Enforcement Notification System.

### Jurisdiction and Venue

2.     This Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because Plaintiff is a resident of the City and County of Los Angeles.

**Parties**

4.     Plaintiff Ana Muñiz is an Assistant Professor of Criminology, Law and Society at the University of California, Irvine. Her research specializations include immigration enforcement, gang databases, gang injunctions, gang profiling, critical race studies, and joint law enforcement (federal, state, and local). Professor Muñiz has served as an expert witness in two cases in the Central District of California involving constitutional challenges to gang injunctions (*Rodriguez, et al. v. City of Los Angeles, et al.*, Case No. 2:11-cv-1135, and *Arellano, et al, v. City of Los Angeles*, Case No. 2:16-cv-7932).

5.     Defendant Department of Homeland Security (DHS) is an agency of the United States.

6.     U.S. Immigration and Customs Enforcement (ICE) is a component of the DHS. ICE has possession, custody and control of the records Plaintiff seeks.

**Statement of Facts**

*Background*

7.     As a part of her academic research and advocacy, Plaintiff requests public records from local, state, and federal entities involved in law enforcement and immigration enforcement activities. This suit involves two FOIA requests to DHS that remain unresolved many months past FOIA's statutory deadline.

*ICE FOIA Case Number 2017-ICFO-31780 Regarding ICEGangs Database*

8.     On January 19, 2017, Plaintiff sent a FOIA request to DHS by email seeking information related to the ICEGangs Database. Specifically, Plaintiff's requested records containing, describing, pertaining to, or referring to the following:

- A comprehensive list of agreements [including Memorandum of Understanding, Memorandum of Cooperation, and Memorandum of Agreement] that provide agencies (other than United State Immigration and Customs Enforcement) with any level of user access to the ICEGangs Database.
    - A comprehensive list of agencies with employees who currently possess and/or have previously possessed direct user access to the ICEGangs Database (including permission to search ICEGangs Database entries; to view ICEGangs Database search results; and to edit information in the ICEGangs Database) since January 1, 2005.
    - A comprehensive list of agencies with employees who currently possess and/or have previously possessed access to the ICEGangs Database to search ICEGangs Database entries; to view ICEGangs Database search results; but not to edit information in the ICEGangs Database since January 1, 2005
- Materials used to train United States Immigration and Customs Enforcement (ICE) agents and support personnel on the definition of a street gang and gang membership criteria.
    - Materials used to train ICE agents and support personnel on the criteria for determining an individual is a gang member.
    - Materials used to train ICE agents and support personnel on the criteria for determining an individual is a gang associate.
    - Materials used to train ICE agents and support personnel on the criteria for determining an individual is a gang affiliate.
    - Materials used to train ICE agents and support personnel on the criteria that identifies an individual as eligible to have their information entered into the ICEGangs Database.

Complaint for Declaratory and Injunctive Relief

- Information pertaining to information storage and management of the ICEGangs Database.
  - o The number of people who have been added to the ICEGangs Database from January 1, 2005 to the present date, broken down by the demographics of age, race, gender, location/zipcode, and which ICEGang node agency, or other law enforcement agency inputted and/or retains the data. If possible, please provide the location (state/country) where each individual was documented and/or resides.
  - o The number of people who have been removed from the ICEGangs Database from January 1, 2005 to the present date, broken down by the demographics of age, race, gender, location/zipcode, and which ICEGang node agency, or other law enforcement agency inputted and/or retains the data. If possible, please provide the location (state/country) where each individual was documented and/or resides.
  - o The percent of current entries who are confirmed gang members.
  - o The percent of current entries who are categorized as something other than active and/or confirmed gang members.
- Information pertaining to budgetary expenditures regarding the ICEGangs database.
  - o Budgetary information regarding the initial development of the ICEGangs database.
  - o Budgetary information regarding the annual budget for the operation and maintenance of the ICEGangs database.
  - o The amount and sources of any funding used for the development, operation,

Complaint for Declaratory and Injunctive Relief

- o management, and/or maintenance of the ICEGangs Database since January 1, 2005.
- Communications pertaining to the ICEGangs Database.
  - o Intradepartmental and/or interdepartmental communications and/or correspondence regarding the ICEGangs Database since January 1, 2005.
- Reporting regarding the ICEGangs Database
  - o Records analyzing the effectiveness of the ICEGangs database and/or receiving and/or responding to complaints since January 1, 2005, including reports and/or recommendations by oversight agencies.

9.     Plaintiff received an automated response five days after she submitted her request.

10.     Seven weeks after making her initial request, on March 10, 2017, Plaintiff sent an email to the DHS FOIA email account to inquire about the status of her request.

11.     She followed up again on March 13, 2017.

12.     On April 21, 2017, DHS finally responded to Plaintiff, stating that the agency "had some technical difficulties and [was] now able to respond to [her] request," and transferred the request to the ICE FOIA office.

13.     More than 12 weeks later (and five months after Plaintiff made her request), the agency finally acknowledged receipt of the request and assigned it ICE FOIA Case Number 2017-ICFO-31780.

14.     Two and a half months after that, on August 22, 2017, Plaintiff again inquired about the status of her request.

15.     Having received no response, she followed up against two and a half weeks later.

16.     On September 11, 2017, the ICE FOIA office responded and provided Plaintiff a link with an estimated completion date. When Plaintiff went to that link, it stated that the agency estimated it would complete Plaintiff's request by October 2, 2017.

17.     Still having received no substantive response, Plaintiff followed up with the ICE FOIA office again on November 16, 2017 but did not receive any response.

18.     The agency has repeatedly set and missed estimated completion dates, setting new dates approximately two months out from the previous date each time that it misses a previously-set date.

19.     As of the filing of this Complaint, Plaintiff has not received a final determination and response from ICE or DHS with regard to ICE FOIA Case Number 2017-ICFO-31780.

20.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted her administrative remedies with regard to ICE FOIA Case Number 2017-ICFO-31780 because the agency has failed to comply with the statutory time limit.

*October 11, 2017 FOIA Request Regarding Criminal History Information Sharing Program and Law Enforcement Notification*

21.     On October 11, 2017, Plaintiff sent a FOIA request to ICE's FOIA office by email (ice-foia@dhs.gov) seeking information related to the ICE's Criminal History Information Sharing (CHIS) and Law Enforcement Notification (LENS) initiatives. Specifically, Plaintiff's requested records containing, describing, pertaining to, or referring to the following:

- The number of repatriated individuals who had their criminal history information shared with foreign countries under the Criminal History Information Sharing program between January 1, 2010 and October 1,

Complaint for Declaratory and Injunctive Relief

2017 broken down by year; country of birth; gang flag; and National Crime Information Center (NCIC) Code(s) from the 85 crimes enumerated in the cooperation agreements.

- The number of individuals whose information was shared with domestic law enforcement agencies as part of the Law Enforcement Notification System between January 1, 2015 and October 1, 2017, broken down by year; country of citizenship; law enforcement jurisdiction of intended residence (domestic law enforcement agency to whom the notification was sent); and description of crime(s)/conviction(s).

22.     Plaintiff never received any response to this request.

23.     As of the filing of this Complaint, Plaintiff has not received a final determination and response from the FBI with regard to her October 11, 2017 request.

24.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted her administrative remedies with regard to her October 11, 2017 request because the agency has failed to comply with the statutory time limit.

### Count I: Violation of FOIA

25.     Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this Complaint.

26.     Defendant has violated FOIA by failing to produce the records responsive to Plaintiff's January 19, 2017 request related to ICE FOIA Case Number 2017-ICFO-31780.

27.     Plaintiff and the public have been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's FOIA request.

### Count II: Violation of FOIA

28.     Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this Complaint.

Complaint for Declaratory and Injunctive Relief

29.     Defendant has violated FOIA by failing to produce the records responsive to Plaintiff's October 11, 2017 FOIA request.

30.     Plaintiff and the public have been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's FOIA request.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Declare Defendant's failure to comply with FOIA to be unlawful;

(2)     Enjoin Defendant from continuing to withhold the public records responsive to Plaintiff's FOIA requests and otherwise order Defendant to produce the requested public records without further delay;

(3)     Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action, to the extent permitted by law; and

(4)     Grant Plaintiff such other and further relief which the Court deems proper.

Date: February 16, 2018          Respectfully submitted,


                                 ____/s/ Matthew Strugar_____
                                 Matthew Strugar (State Bar No. 232951)
                                 matthew@matthewstrugar.com
                                 Law Office of Matthew Strugar
                                 3435 Wilshire Blvd., Suite 2910
                                 Los Angeles, CA 90010
                                 323-696-2299

Complaint for Declaratory and Injunctive Relief